UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

In Re: Cases Filed by Fritz Gerald Toussaint        **MEMORANDUM & ORDER**
                                                    23-CV-00551, 23-CV-00778,
                                                    23-CV-01413, 23-CV-01619,
                                                    23-CV-01620, 23-CV-01621,
                                                    23-CV-01622, 23-CV-01742,
                                                    23-CV-01744, 23-CV-01746,
                                                    23-CV-03958

------------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

      Plaintiff Fritz Gerald Toussaint, proceeding *pro se*, filed the eleven above-referenced actions against various defendants. The Court grants Plaintiff permission to proceed *in forma pauperis* in each of the eleven actions; consolidates the eleven actions solely for the purpose of this Order; and, for the reasons set forth below, dismisses the Complaints in each of the eleven actions (collectively, the "Complaints").[1]

---

[1] The Complaint in each action is filed at ECF No. 1 and is signed by Plaintiff. The information provided by Plaintiff on the pre-printed Complaint forms is handwritten and is, in certain places, illegible. In addition to suffering from some illegibility, the Complaints are generally difficult to decipher.

In six of the eleven actions, Plaintiff filed a motion to proceed *in forma pauperis*. *See Adliem Micah Toussaint, a/k/a Fritz Gerald Toussaint v. TD Bank NA*, No. 23-CV-00551 (DG) (LB), ECF No. 2; *Toussaint v. Off. of the Att'y Gen. of State of N.Y.*, No. 23-CV-00778 (DG) (LB), ECF No. 2; *Toussaint v. Food & Drug Admin.*, No. 23-CV-01742 (DG) (LB), ECF No. 2; *Toussaint v. Jetblue*, No. 23-CV-01744 (DG) (LB), ECF No. 2; *Toussaint v. Port Auth. of N.Y. & N.J.*, No. 23-CV-01746 (DG) (LB), ECF No. 2; *Toussaint v. Verizon*, No. 23-CV-03958 (DG) (LB), ECF No. 2. Those motions are granted.

In five of the eleven actions, Plaintiff failed to pay the filing fee or submit an application to proceed *in forma pauperis*. *See generally* dockets in *Toussaint v. Obama*, No. 23-CV-01413 (DG) (LB); *Toussaint v. Pearl Asset LLC*, No. 23-CV-01619 (DG) (LB); *Toussaint v. Off. of the Dir. of Nat'l*, No. 23-CV-01620 (DG) (LB); *Adlitem Protetor Toussaint v. Consumer Fin. Bureau*, No. 23-CV-01621 (DG) (LB); *Toussaint v. Verizon*, No. 23-CV-01622 (DG) (LB). Dismissal without prejudice of these five actions would be warranted on the basis of this filing deficiency alone. The Court, however, *sua sponte* grants Plaintiff *in forma pauperis* status in each of these five actions for the purpose of this Order and dismisses these five actions on the

## BACKGROUND

Familiarity with the procedural history and background of the instant eleven actions and with Plaintiff's litigation history in the United States District Court for the Eastern District of New York is assumed herein.[2]

By Memorandum & Order dated June 2, 2023 in *Toussaint v. Lyft*, No. 23-CV-03750 (DG) (LB); *Toussaint v. Home Depot*, No. 23-CV-03751 (DG) (LB); *Toussaint v. Bank of America*, No. 23-CV-03752 (DG) (LB); and *Toussaint v. Apple Inc.*, No. 23-CV-03753 (DG) (LB) (the "June 2, 2023 Order"), the Court dismissed the operative Complaint in each of the four actions, having determined that venue did not properly lie in the Eastern District of New York. *See Toussaint v. Lyft*, No. 23-CV-03750 (DG) (LB), ECF No. 4; *Toussaint v. Home Depot*, No. 23-CV-03751 (DG) (LB), ECF No. 4; *Toussaint v. Bank of America*, No. 23-CV-03752 (DG) (LB), ECF No. 4; *Toussaint v. Apple Inc.*, No. 23-CV-03753 (DG) (LB), ECF No. 4. The Court declined to transfer any of the four actions to another judicial district, having determined that transfer would not be in the interest of justice as each Complaint, even liberally construed, failed to state a claim on which relief may be granted – and indeed, appeared to be frivolous. *See* June 2, 2023 Order at 6 & n.7. In the June 2, 2023 Order, the Court also directed Plaintiff to show cause, in writing, by June 23, 2023, why he should not be enjoined from filing any new action

---

grounds set forth below.

[2] The Court incorporates by reference the discussion of Plaintiff's litigation history that is contained in the Memorandum & Order dated March 17, 2023 in *Toussaint v. Institute for Family Health*, No. 23-CV-01745 (DG) (LB) (the "March 17, 2023 Order"). *See Toussaint v. Inst. for Family Health*, No. 23-CV-01745 (DG) (LB), ECF No. 4. In the March 17, 2023 Order, the Court noted, *inter alia*, that "Plaintiff has filed more than 30 cases in the United States District Court for the Eastern District of New York since February 2022." *See* March 17, 2023 Order at 5. Numerous of those cases were transferred for lack of venue. *See* March 17, 2023 Order at 5-6; *see also* dockets for cases referenced in March 17, 2023 Order as having been transferred.

seeking *in forma pauperis* status without first obtaining leave of Court. See June 2, 2023 Order at 7-8.

By Memorandum & Order dated July 5, 2023 in *Toussaint v. Lyft*, No. 23-CV-03750 (DG) (LB); *Toussaint v. Home Depot*, No. 23-CV-03751 (DG) (LB); *Toussaint v. Bank of America*, No. 23-CV-03752 (DG) (LB); and *Toussaint v. Apple Inc.*, No. 23-CV-03753 (DG) (LB), the Court enjoined Plaintiff from filing any new action seeking *in forma pauperis* status in the United States District Court for the Eastern District of New York without first obtaining leave of Court, noting, *inter alia*, that Plaintiff had failed to comply with – or file any response to – the Court's directive to show cause. See generally *Toussaint v. Lyft*, No. 23-CV-03750 (DG) (LB), ECF No. 6; *Toussaint v. Home Depot*, No. 23-CV-03751 (DG) (LB), ECF No. 6; *Toussaint v. Bank of America*, No. 23-CV-03752 (DG) (LB), ECF No. 6; *Toussaint v. Apple Inc.*, No. 23-CV-03753 (DG) (LB), ECF No. 6.

The instant eleven actions were filed prior to the Court's issuance of the filing injunction on July 5, 2023.

In light of Plaintiff's *pro se* status, the Court liberally construes the Complaints in the instant eleven actions. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### ***Adliem Micah Toussaint, a/k/a Fritz Gerald Toussaint v. TD Bank NA*, No. 23-CV-00551 (DG) (LB)**

The Complaint in *Adliem Micah Toussaint, a/k/a Fritz Gerald Toussaint v. TD Bank NA*, No. 23-CV-00551 (DG) (LB) alleges that "TD Bank has been through illegal acts stopping [Plaintiff] from accumulating cash compou[nding] the cum[]ulative value of it such that [Plaintiff's] nephew [Plaintiff's] sons as well as members of charitable organizations . . . are being deprived of the compounded value of prudent investing that is just as well as timely unimpe[]ded with co[]er[c]ive methods or tactic[]s like false information or closing accounts for

3

fake reasons man[u]factured to effect equal finan[c]ial protection."

Plaintiff seeks, *inter alia*, a jury trial and "60 million yen @ AO 2023 daily @ 7 percent compounded."

Plaintiff does not allege that any Defendant resides in the Eastern District of New York. Plaintiff does not allege that any events or omissions giving rise to any claim occurred in the Eastern District of New York.

### *Toussaint v. Office of the Attorney General of the State of New York*, No. 23-CV-00778 (DG) (LB)

The Complaint in *Toussaint v. Office of the Attorney General of the State of New York*, No. 23-CV-00778 (DG) (LB) alleges, *inter alia*, that "while operating under the color of law (FERPA) the Office of the Attorney General of the State of New York [at] the behest of the State University of New York deprived [Plaintiff] of equal protection;" that "throug[h] enforcement of discriminatory policy that disproportionately affect minority student 'SUNY' depressed graduation rate of Latino Brown and Black studen[ts] for years;" and that "SUNY implemente[d] an aggressive pred[a]tory regime that prioritized collection of accounts and not degree completion."

Plaintiff seeks discovery, "civil jud[g]ment against the office of student recovery for the sum of USD 33 million via ACH electronic fund transfer," and summary judgment.

Plaintiff lists "The Capitol" in Albany, New York as the address for Defendant Office of the Attorney General of the State of New York. Plaintiff does not allege that any Defendant resides in the Eastern District of New York. Plaintiff does not allege that any events or omissions giving rise to any claim occurred in the Eastern District of New York.

### *Toussaint v. Obama*, No. 23-CV-01413 (DG) (LB)

In *Toussaint v. Obama*, No. 23-CV-01413 (DG) (LB), Plaintiff leaves entirely blank the

4

section of the Complaint titled "Statement of Claim," but alleges in the section titled "Injuries" that Plaintiff has sustained "multigenerational economic damages;" that Plaintiff's "finances," "family," and "assets" have been "near the point of anni[hi]lation;" and that "his personal friends his network were destroyed his social media account wer[e] raided relentlessly because of political views of the Plaintif[f]," in violation of "USC 4."

Plaintiff seeks discovery, a jury trial, "privacy protection adherence measures," and "1333333337 GBP (Bri[]tish pounds)."

Plaintiff does not allege that Defendant resides in the Eastern District of New York. Plaintiff does not allege that any events or omissions giving rise to any claim occurred in the Eastern District of New York.

### *Toussaint v. Pearl Asset LLC*, No. 23-CV-01619 (DG) (LB)

The Complaint in *Toussaint v. Pearl Asset LLC*, No. 23-CV-01619 (DG) (LB) alleges, *inter alia*, that "an unknown agent of not yet disclosed agency of the US Government" deprived Plaintiff of due process; that "while acting as a District Court Judge John Michael Vasquez deprived [Plaintiff] of ADA protection;" and that after luring Plaintiff from San Diego, California, "the Defendant as well as their agents unlawfully abducted [Plaintiff]," "they falsified police reports and wrongfully accused [Plaintiff]," and "the[y] trafficked [Plaintiff] to the State of New York using falsified evidence."

Plaintiff seeks, *inter alia*, a public trial, "immediate return of pos[s]ession of [Plaintiff's] property," "7 million GBP," and summary judgment.

Plaintiff lists an address in Kearny, New Jersey as the address for Defendants. Plaintiff does not allege that any events or omissions giving rise to any claim occurred in the Eastern District of New York.

### *Toussaint v. Office of the Director of National*, No. 23-CV-01620 (DG) (LB)

The Complaint in *Toussaint v. Office of the Director of National*, No. 23-CV-01620 (DG) (LB) alleges, *inter alia*, that "federal official and their agent deprived [Plaintiff] of equal protection of USC 4 protections;" that they attacked his "cellular as well as [his] electronic devices" and "deprived [him] of educational access when they t[a]mpered with [his] cybersecurity education;" and that "they deprived [him] of freedom of religion when they forced [his] unplanned departure from the State of California."

Plaintiff seeks, *inter alia*, discovery, a public trial, an "enforcement order from Federal Marshal Office NY Office," "14 million GBP," and "brisk removal of unlawfully procured tenants." Plaintiff also requests "transfer to the Southern District of California."

Plaintiff does not allege that any Defendant resides in the Eastern District of New York. Plaintiff does not allege that any events or omissions giving rise to any claim occurred in the Eastern District of New York.

### *Adlitem Protetor Toussaint v. Consumer Financial Bureau*, No. 23-CV-01621 (DG) (LB)

The Complaint in *Adlitem Protetor Toussaint v. Consumer Financial Bureau*, No. 23-CV-01621 (DG) (LB) alleges, *inter alia*, that the Consumer Financial Protection Bureau, "while having the regulatory obligation of protecting consumer from fraud and abuse," "performed a p[er]fun[c]tory review of [Plaintiff's] complaint" and "hastily closed it violating [his] right of equal protection as well as [his] right of substantive due process" and that the Consumer Financial Protection Bureau violated Plaintiff's "First Amendment Freedom."

Plaintiff seeks, *inter alia*, oral argument, a jury trial, an evidentiary hearing, and "1333333."

Plaintiff lists an address in "Washington" as Defendant's address. Plaintiff does not

allege that any events or omissions giving rise to any claim occurred in the Eastern District of New York.

### *Toussaint v. Verizon*, No. 23-CV-01622 (DG) (LB)

The Complaint in *Toussaint v. Verizon*, No. 23-CV-01622 (DG) (LB) alleges, *inter alia*, that Verizon, "while operating as a contra[c]tor of the Government utilizing public resource and tax revenue with blatant disregard for the First [Amendment]," "deprived [Plaintiff] of freedom of speech;" that employees and agents of Verizon "fraudulently added phone numbers" and "block[ed] [Plaintiff's] attempts [at] managing his account;" and that "Plaintiff'[s] account was discon[n]ected without cause."

Plaintiff seeks discovery, "audited financial statements," a jury trial, "immediat[e] reinstatement of service," and "13 million Brit[]ish pounds."

Plaintiff lists an address in New York, New York as Defendant's address. Plaintiff does not allege that any events or omissions giving rise to any claim occurred in the Eastern District of New York.

### *Toussaint v. Food and Drug Administration*, No. 23-CV-01742 (DG) (LB)

The Complaint in *Toussaint v. Food and Drug Administration*, No. 23-CV-01742 (DG) (LB) alleges, *inter alia*, that "the Food and Drug Administration deprived [Plaintiff] of an effective medicine based on discrimination orchestrated from the disability based stigma;" that "the policies that regulator devised caused [Plaintiff's] abduction detention and targeting as perpetual client;" and that the "FDA ensure creation of social stigma once they required that only a psychiatrist refill [Adderall]."

Plaintiff seeks, *inter alia*, a public trial, discovery, "a judicial decree allowing prescription of Addera[ll] from family doctors or urgent care," and "10 billion GBP."

7

Plaintiff lists "Washington DC" as Defendant's address. Plaintiff does not allege that any events or omissions giving rise to any claim occurred in the Eastern District of New York.

### *Toussaint v. Jetblue*, No. 23-CV-01744 (DG) (LB)

The Complaint in *Toussaint v. Jetblue*, No. 23-CV-01744 (DG) (LB) alleges, *inter alia*, that "after purchasing an airline ticket Plaintif[f] was deprived of the capa[]city of boarding the aircr[a]ft using pretextua[]l argument of a Corona test was needed before he could depart for Haiti the ancestr[al] land of his family."

Plaintiff seeks discovery, oral argument, and "7 million HGT."

Plaintiff does not allege that Defendant resides in the Eastern District of New York. Plaintiff does not allege that any events or omissions giving rise to any claim occurred in the Eastern District of New York.

### *Toussaint v. Port Authority of New York and New Jersey*, No. 23-CV-01746 (DG) (LB)

The Complaint in *Toussaint v. Port Authority of New York and New Jersey*, No. 23-CV-01746 (DG) (LB) alleges that "while operating under the Constitution Defendant violated the Interstate Commerce Act when it began tolling roads."

Plaintiff seeks, *inter alia*, discovery, a jury trial, "audited financial statements," and "1 trillion pounds sterling."

Plaintiff lists addresses in New York, New York as Defendants' addresses. Plaintiff does not allege that any events or omissions giving rise to any claim occurred in the Eastern District of New York.

### *Toussaint v. Verizon*, No. 23-CV-03958 (DG) (LB)

The Complaint in *Toussaint v. Verizon*, No. 23-CV-03958 (DG) (LB) alleges, *inter alia*, that Defendant Verizon's authorized retailer "created an account with information for

8

[Plaintiff's] firm witho[ut] [his] permission," "didn't provide [him] any equipment," and "charge taxes that weren't due" and that "employees and agents of Verizon operated under the color of law when they falsely claimed that []they had a fear for their live that pretext was used to deprive the Plaintif[f] of his statement and to conceal criminal acts of fraud."

Plaintiff seeks, *inter alia*, discovery, a jury trial, and "3,333777 million US dollars."

Plaintiff lists an address in New York, New York as the address for Defendants. Plaintiff does not allege that any events or omissions giving rise to any claim occurred in the Eastern District of New York.

## DISCUSSION

Title 28, United States Code, Section 1391(b) ("Section 1391(b)"), in relevant part, provides that a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."

Title 28, United States Code, Section 1406(a) ("Section 1406(a)") provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." "When considering whether a transfer would serve the interest of justice, [the court] must weigh 'the equities of dismissing a claim when it could be transferred.'" *Ruiz v. Mukasey*, 552 F.3d 269, 276 (2d Cir. 2009) (quoting *Liriano v. United States*, 95 F.3d 119, 122 (2d Cir. 1996)). The decision "whether to dismiss or transfer a case 'lies within the sound discretion of the district court.'" *See Blakely v. Lew*, 607 F. App'x 15, 18 (2d Cir. 2015) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993)).

9

Here, in each of the instant eleven actions, venue does not properly lie in the Eastern District of New York as Plaintiff has not satisfied either of the relevant requirements of Section 1391(b): Plaintiff does not allege that any defendant resides in the Eastern District of New York and does not allege that any events or omissions giving rise to any claim occurred in the Eastern District of New York.  *See generally* Complaints.

The Court declines to transfer any of the eleven actions to another judicial district as transfer would not be in the interest of justice.  Each of the Complaints, even liberally construed, fails to state a claim on which relief may be granted.[3]

The Complaints are dismissed without prejudice.  *See* 28 U.S.C. § 1406(a).

## CONCLUSION

Plaintiff is granted permission to proceed *in forma pauperis* in the above-referenced eleven actions.

For the reasons set forth above, the Complaints in the above-referenced eleven actions are dismissed without prejudice.  *See* 28 U.S.C. § 1406(a).  The Clerk of Court is directed to enter judgment accordingly and to close these eleven cases.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[3] Indeed, the Complaints appear to be frivolous.  *See Lamb v. Cuomo*, 698 F. App'x 1, 2 (2d Cir. 2017) ("A claim is frivolous 'where it lacks an arguable basis either in law or in fact.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989))); *Hakaniemi v. Zuckerberg*, No. 21-CV-04345, 2021 WL 3566221, at *1 (E.D.N.Y. Aug. 12, 2021).

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

>     /s/ Diane Gujarati
>     DIANE GUJARATI
>     United States District Judge

Dated: October 10, 2023
      Brooklyn, New York